Dear Mayor Fontenot:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. In particular, you asked the following questions:
 1) Is there any legal basis for municipalities to regulate what and how clothing is worn?
 2) Does La. R.S. 14:106(E) prevent the City of New Iberia from statutorily defining "obscenity" as including behavior not already prohibited by the state statute?
 3) If not, is the proposed ordinance unconstitutionally overbroad?
 4) May the exposure of undergarments ever be prohibited criminal conduct under state and federal constitutions?
Your first question inquires into the authority of the City of New Iberia to enact ordinances governing clothing. The power to enact ordinances is found in the special charter under which New Iberia was founded, Section 16, which states in pertinent part:
 The mayor and board of trustees shall have full power to adopt all ordinances that they may deem proper and consistent with the constitution and laws of the State of Louisiana:
 To regulate and preserve the peace and good order of the city and to provide and maintain its cleanliness and sanitary condition.
This language clearly indicates that the City of New Iberia has broad powers as long as its acts do not conflict with constitutional principles. Thus, the City of New Iberia has the power to regulate what and how clothing is worn, subject to judicial scrutiny of the ordinance on the basis of constitutionality.
Your second question asks whether the state criminal statute, La. R.S. 14:106, prevents New Iberia from statutorily broadening its definition of "obscenity." It should first be noted that since the crime of obscenity is defined and punishable as a felony under state law, municipalities such as New Iberia would ordinarily be prohibited from enacting an ordinance defining that same conduct as an offense by La. R.S. 14:143.[1] In this case, this limitation is expressly overridden by the language of Section (E) of La. R.S. 14:106, which states:
 This section does not preempt, nor shall anything in this section be construed to preempt, the regulation of obscenity by municipalities, parishes, and consolidated city-parish governments.
Therefore, the City of New Iberia has authority to regulate obscenity by municipal ordinance. However, the same section also clearly states:
 . . . however, in order to promote uniform obscenity legislation throughout the state, the regulation of obscenity by municipalities, parishes, and consolidated city-parish governments shall not exceed the scope of the regulatory prohibitions contained in the provisions of this Section. (Emphasis added.)
This limitation on municipal authority is unequivocal and unambiguous. Therefore, the City of New Iberia may regulate as "obscenity," only that conduct which falls within the scope of the behavior already prohibited by La. R.S. 14:106. Since the exposure of undergarments clearly exceeds that scope intended by the statute, the proposed ordinance violates the mandate of La. R.S. 14:106(E). This result is in conformity with prior Attorney General Opinions which have held that La. R.S. 14:106 is broad enough to cover conduct that arises to the level of patently offensive. See Attorney General Opinion No. 79-1449 and Attorney General Opinion No. 79-290. It should be noted that the limitation of La. R.S. 14:106 would not interfere with the promulgation of rules in the context of business or schools, nor would it prevent the City of New Iberia from enacting an ordinance, separate from its obscenity ordinance, prohibiting the exposure of undergarments. In all three situations, however, there are potential constitutional issues.
In this case, it is not necessary to discuss the issue of constitutionality of the proposed ordinance, which is raised by your third question, inasmuch as the City of New Iberia is statutorily barred from enacting such an ordinance. Although, in the past, the Attorney General has issued opinions regarding the constitutionality of statutes, it is a general policy to refrain from opining whether a legislative act is constitutional, since the Attorney General is charged with defending the constitutionality of all statutes. Furthermore, it is the role of the judiciary to make the final determination as to the constitutionality of legislative acts. However, it is important to remark that in the case of State v. Russland Enterprises,555 So.2d 1365 (La. 1990), the Louisiana Supreme Court noted that obscenity statutes would generally not be struck down as overbroad if they incorporated "contemporary community standards" language, since such language meets constitutional requirements.
Your final inquiry questions whether the Louisiana and United States Constitutions would ever permit the exposure of undergarments to be the basis of a criminal prohibition. Both Constitutions set forth a system of government in which the legislature has the sole power to promulgate criminal statutes, and wherein municipalities are given limited rights by the State to promulgate their own criminal ordinances. Whether the subject matter of the particular ordinance is constitutionally valid, however, is, again, an inquiry for the judiciary.
Therefore, it is the opinion of the Attorney General that, although the City of New Iberia has relatively broad authority under its charter, it is prohibited by La. R.S. 14:106(E) from passing an ordinance on the criminal offense of obscenity which exceeds the scope of the behavior listed in La. R.S. 14:106.
I hope that the opinion has adequately addressed your questions. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ KATHLEEN PETERSEN Assistant Attorney General
[1] La. R.S. 14:2(4) defines a "felony" as "any crime for which an offender may be sentenced to death or imprisonment at hard labor." Under La. R.S. 14:106(G) (1), on a first conviction of obscenity, the offender may be imprisoned, with or without hard labor, for not less than six months nor more than three years.
Date Received:
Date Released:
KATHLEEN PETERSEN ASSISTANT ATTORNEY GENERAL *Page 28 
Citation Search Result Rank 3 of 5 Database La. Atty. Gen. Op No. LA-AG La. Atty. Gen. Op. No. 79-1449, 1980 WL 116845 (La.A.G.)
 Office of the Attorney General State of Louisiana Opinion No. 79-1449 January 8, 1980
CRIMINAL LAW — CRIMES OFFENSES 16 R.S. 14:106
Intent to arouse sexual desire is not a necessary element of the offense of obscenity, La. R.S. 14:106, and therefore any such exposure described in the statute, in a public place, which could be found to appeal to prurient interest or to be patently offensive would be in violation of the statute.
Mr. David L. Hessel Forest Supervisor Kisatchie National Forest 2500 Shreveport Highway Pineville, Louisiana 71360